57 CCPA

### Application of David W. WILSON.
### Patent Appeal No. 8271.

United States Court of Customs
and Patent Appeals.

May 7, 1970.

Oberlin, Maky, Donnelly & Renner, William E. Thomson, Jr., John C. Oberlin, Cleveland, Ohio, attorneys of record, for appellant.

Joseph Schimmel, Washington, D. C., for the Commissioner of Patents. Raymond E. Martin, Washington, D. C., of counsel.

Before RICH, Acting Chief Judge, ALMOND, BALDWIN and LANE, Judges, and FORD, Judge, United States Customs Court, sitting by designation.

LANE, Judge.

This appeal is from the decision of the Patent Office Board of Appeals, which affirmed the rejection of claims 1–4, 8–10, and 15–21 in appellant's application serial No. 332,321, filed November 5, 1963, for "Treated Brush and Brush Treating Composition." Four other claims have been allowed. We conclude that the board's decision must be reversed.

### THE DISCLOSURE

Appellant's disclosure discusses certain problems in the treatment of power-driven rotary brushes. According to the disclosure, it was desirable to pro-

duce a composition for treating the brush bristles, whereby the ability of the bristles to hold abrasive particles would be enhanced. It discloses that the treatment composition should have a strength of adhesion to the brush bristles sufficiently great to prevent such composition from transferring excessively to the object being brushed; that the treatment material should wear at substantially the same rate as the brush bristles; that the material should have a high temperature softening point; and that the strength of adhesion between the treating composition and the abrasive particles must be sufficient to withstand the centrifugal force which normally would tend to throw the abrasive outwardly from the brush. The disclosure states that previously known brush-treating compositions did not accomplish all these objectives and had a tendency to dry and lose their tackiness over a period of time, thus becoming useless for holding abrasive particles on the bristles.

The disclosure states that appellant discovered that a composition having a high temperature softening point and a high degree of tackiness could be produced if a film-forming resin were blended with a tackifier resin which was incompatible with (insoluble in) the film-forming resin. The resulting composition would have two distinct phases: a continuous phase comprised of film-forming resin, either alone or saturated with a small quantity of tackifier resin, and a dispersed phase comprised of small particles of tackifier resin. The two resins may be either completely or partially incompatible, and the disclosure states that the more insoluble the resins, the greater the tack which the composition possesses. Appellant also disclosed that certain plasticizers could be added to render the resins more incompatible, thus further increasing the tack of the composition. Finally, appellant stated that the entire composition could be dissolved in a volatile solvent to allow easy application to the brush, the solvent being one which quickly evaporates upon such application.

The specification contains a list of suitable film-forming resins, including ethyl cellulose, nitro cellulose, cellulose acetate, polyvinyl acetate and cis-polyisoprene, among other materials. A list of tackifiers is given, including certain esters of abietic acid, polyvinyl ethyl ether, coumarone indene resin and terpene resins. A list of plasticizers is also given. The specification then gives four examples showing how to combine various film-formers, tackifiers, plasticizers and solvents to obtain brush-treating compositions of the desired characteristics, and explains how to apply them to brushes.

## THE CLAIMS

In view of the result we reach, we find that claims 1 and 8 are representative:

1. A two-phase brush treating composition having a high softening point and sufficient tack to retain abrasive material firmly adhered to brush fill material comprising a film-forming resin and a tackifier resin which is incompatible with said film-forming resin, said two phases comprising a continuous phase formed of said film-forming resin and a dispersed phase formed of small particles of tackifier resin.

8. In combination, a rotary brush having brush fill material and a two-phase pressure sensitive adhesive brush treating composition adhered thereto having a high softening point and sufficient tack to retain abrasive material firmly adhered to such brush fill material comprising a film-forming resin and a tackifier resin which is incompatible with said film-forming resin, said two phases comprising a continuous phase formed of said film-forming resin and a dispersed phase formed of small particles of tackifier resin.

The remaining claims on appeal are narrower, containing recitations of specific resins, plasticizers, etc.

## THE PRIOR ART

Grantham[1] relates to coatings for film material and discloses a coating composition comprising a cellulose derivative film-former, a blending resin, a plasticizer, and an organic solvent. Grantham teaches that the blending agent and the film-former should be compatible.

Depew[2] teaches the preparation of emulsions consisting of a continouous phase of water and a discontinuous phase of elastomer particles and particles of a volatile hydrocarbon, with vulcanizing ingredients and other additives dispersed in the hydrocarbon particles. Depew then states that where a dispersion with additional adhesive properties is desired, an adhesive, such as certain of the tackifier resins disclosed by appellants, can be added to the emulsion, and that

> [t]his adhesive can be water soluble or dispersed as particles. * * *
> The chemistry of the adhesive component is not critical to this invention.
> The important thing is that the deposited film shall be tacky and adhesive.

Sergi[3] relates to adhesives suitable for installation of floor-covering products such as linoleum. Sergi's composition consists of a tackifier resin dispersed in a latex binder; the tackifier and latex must be compatible with one another, according to the Sergi disclosure.

Vaughan[4] teaches impregnating a fibrous buffing wheel with an aqueous emulsion consisting of a tacky resin and an emulsifier or stabilizer such as glue or gum.

## THE BOARD

The board found the composition claims to be unpatentable over Depew, Sergi or Grantham under 35 U.S.C. § 103.

The board reached this conclusion after noting that each of the three references shows some of the film-formers, tackifiers, plasticizers and solvents appearing in appellant's lists. The board found that the recited limitation of incompatibility was too relative a term to distinguish over the compositions of the references.

The board found that the claims to the treated brush were unpatentable, under 35 U.S.C. § 103, over Vaughan in view of Sergi or Depew. Since Vaughan shows treating brushes, the board apparently considered it obvious to treat brushes with compositions which it thought were made obvious by Sergi or Depew.

The board also affirmed the rejection of certain claims for being "broader than the disclosure" under 35 U.S.C. § 112. The board's basis for this rejection was that the specification did not provide adequate guidelines for making a selection among the various disclosed ingredients, nor among other materials which are not disclosed but would be included by the claims.

## OPINION

■ We first treat the rejection under section 112. This rejection is in effect an attack on the specification as being insufficient to teach how to practice the broad invention claimed. The rejection is therefore under the first paragraph of section 112. The board's position, as mentioned above, was that the specification did not teach how to select ingredients so that the desired incompatibility would result. We disagree with the board's position on this point. First of all, appellant provided four examples, each specifying the nature and amounts of materials to be used. Secondly, the record indicates that it involves only routine experimentation to find out which resins are incompatible. The examiner admitted as much when,

1. U.S.Pat. 3,051,670, issued August 28, 1962.

2. U.S.Pat. 2,933,469, issued April 19, 1960.

3. U.S.Pat. 3,015,638, issued January 2, 1962.

4. U.S.Pat. 2,890,136, issued June 9, 1959.

with regard to obviousness, he said "selecting the proper tackifier and film-forming resin from those listed in the references to form an emulsion or two-phase composition would be within the expected skill of the art and would merely involve routine experimentation." We conclude that appellant has provided a sufficient specification to support the claims here in issue.

■ Turning to the rejection of the claims for obviousness, we again disagree with the board's position. The board has disregarded the term "incompatible," as used in the claims, because it is "too relative" to distinguish over the compositions of the references. Appellant contends this limitation is essential in defining his invention. There has been no rejection here for indefiniteness, under the second paragraph of section 112. Rather than reject the claims as indefinite, the board chose to ignore the language it considered indefinite, and proceeded as though that language were not in the claims. The board said, in effect, that since we do not know what "incompatible" means, and the rest of the claim defines obvious subject matter, there is no basis for concluding unobviousness. This reasoning is incorrect. All words in a claim must be considered in judging the patentability of that claim against the prior art. If no reasonably definite meaning can be ascribed to certain terms in the claim, the subject matter does not become obvious—the claim becomes indefinite. In the present case, we think the term "incompatible" is defined with reasonable definiteness in the specification. While it is true that the word is not perfectly precise, under the circumstances of the present case there appears to be no other way for appellant to describe his discovery. In any event, the ignoring of this term by the board renders its conclusion of obviousness unsupported. None of the references discloses a two-phase composition of incompatible resins or suggests that such a composition would have the properties disclosed by appellant. Grantham and Sergi both ex-pressly teach that the components of their compositions should be compatible. Neither Vaughan nor Depew uses a resin as the continuous phase. While Depew states, as quoted above, that the adhesive material may be dispersed as particles in the continuous phase, and hence be incompatible with the continuous phase material, it cannot be ignored that Depew's continuous phase is of water, not a film-forming resin as recited in appellant's claims. Furthermore, there is no suggestion in Depew or Vaughan that there are advantages in using an adhesive which is insoluble in the aqueous phase. There is nothing of record, therefore, from which we can properly conclude that the subject matter of appellant's claims would have been obvious at the time of his invention. The decision of the board must accordingly be reversed.

Reversed.