22 F.3d 1104
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 In re Leonard M. GREENE.
 No. 93-1446.
 United States Court of Appeals, Federal Circuit.
 March 17, 1994.
 
 Before RICH, PLAGER, and RADER, Circuit Judges.
 RADER, Circuit Judge.
 
 DECISION
 
 1
 Leonard Greene appeals a decision of the Board of Patent Appeals and Interferences affirming the examiner's rejection of claims 1-4 of his application. Ex parte Greene, No. 92-1589 (Bd.Pat.App. & Int. July 30, 1992). The Board determined these claims were unpatentable under 35 U.S.C. Sec. 103 (1988) over Boetsch et al., U.S. Patent No. 4,901,566 (Boetsch), in view of Dupuy, U.S. Patent No. 1,293,381 (Dupuy). Because the secondary reference cited by the Board is not analogous to the claimed invention and the combination does not render the claimed invention obvious, this court reverses.
 
 OPINION
 
 2
 Mr. Greene filed application Serial No. 07/562,221, titled "Foldaway Aircraft Air Vane," on August 3, 1990. The application describes aerodynamic vanes mounted on the fuselage of aircraft to sense the craft's angle of attack. Because they protrude into the airstream, these vanes can break off if struck by birds or other airborne objects. If a vane shatters, its fragments can break off and strike the aircraft's engine or fuselage, causing serious damage.
 
 
 3
 The claimed invention reduces the chance of serious damage from vane breakage. The invention weakens a section of the air vane and attaches the vane to the fuselage with a deformable hinge member. Upon impact, the air vane breaks along the weakened section instead of shattering. The deformable hinge bends but remains attached to the fuselage, thereby retaining the broken vane. Claim one reads:
 
 
 4
 1. In a vane member mounted on the fuselage of an aircraft, a mounting structure for attaching said vane member to the fuselage comprising:
 
 
 5
 a deformable hinge member fixedly attached to said vane member, said hinge member being attached to said fuselage, and
 
 
 6
 a weakened portion of said vane member adjacent to said hinge member,
 
 
 7
 whereby when said vane member is struck by an object and subjected to high impact, it will break along said weakened portion with said hinge member deforming in response to the impact while retaining said vane member to the fuselage.
 
 
 8
 The examiner rejected claims 1-4 under 35 U.S.C. Sec. 103 as obvious over several references, only two of which the Board later found pertinent--Boetsch and Dupuy.
 
 
 9
 As claim one of the application specifies, Greene claims a mounting structure for attaching vanes to aircraft fuselages. The Boetsch patent teaches an air vane mounted on the fuselage of an airplane. Boetsch teaches nothing about a breakaway mounting structure for aircraft vanes.
 
 
 10
 Dupuy, a 1919 patent, teaches a breakaway blade for a pugging mill or mixer. A pugging mill kneads ground clay with water to obtain a plastic consistency. During operation, rocks or other objects can break the pugging mill's rotating blades. Dupuy teaches a pugging mill blade with a weakening notch to allow the blade to break away from the central shaft. Dupuy also teaches a connecting chain between the blade and central shaft to hold the blade in the event of a break.
 
 
 11
 By a 2-1 vote, the Board affirmed the examiner's rejection. The Board stated: "the patent to Dupuy is not within appellant's field of endeavor." Greene, No. 92-1589 at 7. Nevertheless, the Board determined: "one having ordinary skill in the art would have found it prima facie obvious to have provided the vane of Boetsch with a weakened portion and a deformable hinge member in view of the teachings of Dupuy to prevent possible damage caused by the broken portion of the vane." Id. at 5.
 
 
 12
 The Board erred in considering Dupuy analogous art. The test for analogous art outside an inventor's field of endeavor is whether the art pertains to the particular problem confronting the inventor. In re Clay, 966 F.2d 656, 659, 23 USPQ2d 1058, 1060 (Fed.Cir.1992). In these situations, the law presumes knowledge only of those arts reasonably pertinent to the inventor's problem. Id. Greene's problem involved protecting aircraft fuselages and engines from breaking away air vanes. A person of ordinary skill in the aircraft vane art simply would not find a 1919 reference about broken blades in a pugging mill reasonably pertinent to this problem.
 
 
 13
 Even assuming arguendo that Dupuy is available prior art, the Board erred in its construction of Greene's claim terms. The Board reasoned that "the chain of Dupuy is a deformable hinge member since it deforms, or changes shape." Although this court and the PTO give claim terms their broadest reasonable interpretation during prosecution, In re Zletz, 893 F.2d 319, 321, 13 USPQ2d 1320, 1322 (Fed.Cir.1989), the Board unduly expanded the meaning of "deformable hinge member" to embrace a chain.
 
 
 14
 Because this court gives meaning, where reasonably possible, to each term of a claim, In re Wilson, 424 F.2d 1382, 1385, 165 USPQ 495, 496 (CCPA1970), a "deformable hinge" must be a special type of hinge. The Dupuy chain changes shape when it moves. Movement, however, is not synonymous with deformation. Movement causes all hinges to change shape. If movement alone constitutes a deformation, then all hinges must be "deformable hinges." The Board's expansive reading renders the term "deformable" nugatory. The Board's meaning for the term "deformable" fits all hinges, not just "deformable hinges."
 
 
 15
 Webster's Dictionary defines the verb "deform" as "to spoil the form or shape of." Webster's Third New International Dictionary 593 (3d ed. 1976). The term "deformable" suggests a transformation from one fixed shape to another. As the linking chain of Dupuy lacks a predetermined shape, a change in its angular position does not constitute a deformation. Dupuy's chain simply moves during operation, whereas Greene's hinge assumes a new shape. Hence, Dupuy's chain is not a "deformable" hinge member as that term is used in Greene's claims.
 
 
 16
 A proper reading of Greene's claims shows that Dupuy and Boetsch, taken together, do not render the rejected claims obvious. Neither Dupuy nor Boetsch teaches or suggests to one of ordinary skill in the aircraft vane art a deformable hinge member to protect against breaking vanes. Because the Board erred in interpreting the term "deformable hinge member," the Boetsch-Dupuy combination would not have rendered the claimed invention obvious to one of ordinary skill in the art. The rejection was based on impermissible hindsight reconstruction.